UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CASE NO. ___1:23CV-79-GNS___
*"Electronically Filed"*

SCOTT HAMM  PLAINTIFF

v.

RONNIE GOLDEN, Individually and in his
Official Capacity as Deputy Sheriff at Russell
County Sheriff's Department
and

SHERIFF DEREK POLSTON, Individually and
In his Official Capacity as Sheriff at Russell County
Sheriff's Department  DEFENDANTS

## COMPLAINT

Comes the Plaintiff, by counsel, and brings this action against the named Defendants for damages suffered by Plaintiff due to the conduct of the named Defendants and their agencies and/or departments, and states as follows:

### INTRODUCTION

The current action is for monetary damages brought pursuant to 42 U.S.C. § 1983 and the law of the state of Kentucky against Ronnie Golden , a Sheriff's Deputy for Russel County and Derek Polston, the Sheriff of Russell County, in their individual and official capacities.

### PARTIES

1. The Plaintiff states that he is a resident of Russell County, Kentucky, and is currently employed as a funeral director and as a mortician.

2. The Defendant, Ronnie Golden, is a resident of Russell County, Kentucky, and is employed as a deputy sheriff in Russell County, Kentucky, and at all relevant times was acting under color of state law.

3. The Defendant Polston is the Sheriff of Russell County and employed and supervised the Defendant Golden.

## JURISDICTION AND VENUE

4. This court possesses subject matter jurisdiction over the claims described within this complaint pursuant to 28 U.S.C. § 1343. Additionally, this action arises under the United States Constitution as applied to state and/or local authorities under 42 U.S.C. § 1983.

## BACKGROUND

5. The Plaintiff states that he was wrongfully arrested, seized, battered, and assaulted by the Defendant, Ronnie Golden, on August 22, 2022, in Russell County, Kentucky.

6. The Plaintiff states that he had a verbal exchange with Defendant Golden.

7. The Plaintiff states the verbal exchange occurred while Defendant Golden was on duty and in the Plaintiff's neighborhood.

8. Following the exchange the Defendant Golden, while acting under color of state law, trespassed on to the Plaintiff's property and physically assaulted him, handcuffed him and caused him injuries, as depicted in the attached photographs. The Defendant Golden, in taking these actions, did not have probable cause to arrest the Plaintiff and violated his constitutional rights under the Fourth and Fourteenth amendments to United States Constitution by assaulting the Plaintiff.

9. The Plaintiff states that the Defendant wrongfully sought criminal charges against the Plaintiff and falsely alleged that the Plaintiff had committed the state law crimes of alcohol

intoxication in a public place and disorderly conduct. Those charges were dismissed with prejudice on April 24, 2023, by the Russell District Court. The Plaintiff alleges there was not probable cause to seek the charges nor was there probable cause to arrest the Plaintiff, and that the Defendant Golden used excessive force in assaulting the Plaintiff without just cause which resulted in the Plaintiff being wrongfully incarcerated for several hours.

10. The Defendant Polston negligently supervised and retained the Defendant Golden as a deputy sheriff despite notice that the Defendant Golden has a history of causing civil rights violations. There are currently two pending cases filed in the Western District of Kentucky against the Defendant Golden for alleged civil rights violations that the Defendant Polston is aware of.

11. As a direct result of the battery and assault committed by the Defendant Golden on the Plaintiff, the Plaintiff experienced pain, suffering, and humiliation, and incurred medical expenses in that the Defendant Golden caused torn muscles in the Plaintiff's right shoulder which required surgery.

## CLAIMS

12. The Plaintiff alleges state law claims of wrongful arrest, malicious prosecution, and negligent hiring and retention.

13. The Plaintiff alleges federal civil rights claims under 42 U.S.C. § 1983 for the excessive force and wrongful arrest claims as previously described in this complaint.

14. The Plaintiff further alleges claims against the Defendant Polston in his official capacity as engaging in an unconstitutional practice and policy of retaining and allowing employees with violent tendencies to remain on active duty thus endangering the Plaintiff and others.

15. The Plaintiff further claims that the Defendant Polston negligently hired and retained the Defendant Golden and that the Defendant Golden has at least two active civil rights violations claims against him at the time of the filing of this litigation.

WHEREFORE, the Plaintiff seeks relief as follows, and alleges claims of excessive force and violation of his Fourth and Fourteenth Amendment rights as well as the state law claims as previously described in this complaint:

1. Judgment against the Defendants jointly and severally;

2. Punitive damages against Defendant Golden in his individual capacity in the amount of $750,000.00;

3. Compensatory damages for for the Plaintiff's past and future pain and suffering against all Defendants;

4. Compensation for medical expenses, including a surgery to repair his right shoulder which was operated on in December of 2022;

5. Attorney fees pursuant to 42 U.S.C. § 1988 and costs and expenses;

6. Trial by jury; and

7. Any and all other and additional relief to which Plaintiff may be entitled.

RESPECTFULLY SUBMITTED,

S/NED PILLERSDORF
NED PILLERSDORF
PILLERSDORF LAW OFFICES
124 WEST COURT STREET
PRESTONSBURG, KENTUCKY 41653
PH: (606) 886-6090
FX: (606) 886-6148
pillersn@gmail.com