IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| **SCOTT HAMM** : | |
| : | |
| **PLAINTIFF** : | Civil Action No. 1:23-cv-00079-GNS-HBB |
| v. : | CHIEF JUDGE GREG N. STIVERS |
| : | |
| **RONNIE GOLDEN** : | |
| : | |
| **DEFENDANT** : | |
| : | |

## ORDER

A telephonic conference was held on March 19, 2025, with the undersigned presiding. Participating in the call were Zach Caldwell, standing in for Ned Pillersdorf, and Aaron D. Smith. These proceedings were not recorded.

**IT IS HEREBY ORDERED** as follows:

The parties shall exchange demand letters no later than **March 27, 2025** with responses due no later than **April 1, 2025**.

No later than the close of business on **April 8, 2025**, Plaintiff and Defendant shall deliver under seal, directly to the undersigned, *ex parte* separate settlement conference statements which shall specify their respective settlement positions. Each statement is to be furnished only to the Court and not the other side. **The statements shall not be filed with the Clerk of the Court but shall be furnished via e-mail to Traci Duff, Case Manager, at traci_duff@kywd.uscourts.gov.**

The **Plaintiff's** settlement conference statement shall contain the following:

1. A *candid* assessment of the strengths and weaknesses of Plaintiff's case on the issues of liability and damages and the strengths and weaknesses of the Defendant's case on the issues of liability and damages. Nothing in the way of a jury speech shall be included.

2. An itemization of all special damages which Plaintiff will claim at trial, and

any liens which must be satisfied from a recover.  <u>Plaintiff will provide the Defendant with this information at the same time Plaintiff submits the settlement conference statement</u>.

      3.      Where non-liquidated damages are involved, the realistic assessment of the value of that portion of the claim.

      4.      An assessment of the economic cost of proceeding to trial.

      5.      Where attorney fees are authorized by contract or statute, an assessment of the Plaintiff's total attorney fees as of the time of mediation and projected through trial.

      6.      A statement of the last settlement demand and offer exchanged between the parties.

      **The <u>Defendant's</u> settlement conference statement shall contain the following:**

      1.      A *candid* assessment of the strengths and weaknesses of Defendant's case on the issues of liability and damages and the strengths and weaknesses of the Plaintiff's case on the issues of liability and damages.  Nothing in the way of a jury speech shall be included.

      2.      The *realistic* assessment of the value of Plaintiffs' special and non-liquidated damages claims.

      3.      An assessment of the economic cost of proceeding to trial.

      4.      Where attorney fees are authorized by contract to Defendant as the prevailing party, an assessment of the Defendant's total attorney fees as of the time of mediation and projected through trial.

      The settlement conference is hereby scheduled at the **U.S. Courthouse, 241 East Main, Bowling Green, Kentucky, on April 15, 2025, commencing at 11:00 a.m. CDT.** In addition to counsel who will try the case being present, it is required that the parties, or a person with actual settlement authority for the parties, likewise be present for the conference.  **A PERSON WITHOUT AUTONOMOUS SETTLEMENT AUTHORITY DOES NOT MEET THIS REQUIREMENT.**[i]

      The Defendant will bring to the settlement conference a proposed release of liability so that the parties may agree to specific terms.

**IT IS FURTHER ORDERED**:

1. **No later than April 22, 2025,** the parties shall file a final list of witnesses, including designations of those portions of any depositions intended to be used at trial pursuant to Fed. R. Civ. P. 32(a)(1), (3), and (4), and a final list of exhibits, including charts, drawings, reproductions, tangible objects and documents, which are to be used in any manner during trial, regardless of whether or not the item is to be offered into evidence. Intention to offer any such item into evidence shall be specifically stated. Such item shall be produced for inspection at the same time.

**No later than April 29, 2025,** the parties shall file deposition counter-designations pursuant to Fed. R. Civ. P. 32(a)(6).

3. All motions in limine, including any objections to any witness, deposition designations, or deposition counter-designations, or exhibit, shall be filed **on or before May 6, 2025**. Where practicable, copies of exhibits to which objection is made shall be filed with the objections. If no objections are filed, the parties will be deemed to have waived any objection to use at trial and will be further deemed to have waived any objection as to the authenticity and admissibility of any item which is to be offered into evidence. Attention of counsel is drawn to Local Rule 83.10 regarding marking and designation of trial exhibits.

In the absence of good cause shown, no witness shall be permitted to testify, and no exhibit, chart or testimony shall be admitted into evidence, except upon compliance with the conditions of this Order.

4. **No later than May 13, 2025,** the parties shall file all responses to any motions in limine or objections filed. There will be no replies.

5. **No later than May 20, 2025,** the parties shall:
   A. File and serve a concise trial brief to assist the Court as to the factual issues and any unresolved legal issues which may be reasonably anticipated to arise at trial.
   B. File and serve final proposed jury instructions; and
   C. File and serve proposed questions for voir dire.

6. This matter is set for a **final pretrial conference** on **May 21, 2025**, at **9:00 AM CDT**, U.S. Courthouse, Bowling Green, Kentucky. The plaintiff, the Defendant, and a representative for the Defendant are required to be present.

7. This matter is set for a **trial by jury** on **June 24, 2025**, at **9:00 AM CDT,** U.S. Courthouse, Bowling Green, Kentucky. The expected length of trial is three days. **Counsel and parties shall be in court at 8:30 AM CDT the morning of trial prior to jury selection.**

8. At the commencement of trial, the parties shall furnish to the official court reporter a list of premarked exhibits intended for use at the trial.

9. The parties are also advised that if the parties reach a settlement in this action, the **Court is to be notified no later than 4:00 PM CDT on June 23, 2025,** or jury costs will be assessed.

Greg N. Stivers, Chief Judge
United States District Court

March 20, 2025

Copies to:   Counsel of record
             Jury Clerk – BG

BG 0|12

---

[i] *See e.g.* Shields v. Golden Corral Corp., 3:15-CV-371-DJH-CHL, 2017 U.S. Dist. LEXIS 112455 (W.D. Ky. June 12, 2017) (Imposing sanctions for appearing at settlement conference with third-party claims administrator with predetermined cap on authority rather than actual corporate representative); Lethiot v. JB Hunt Shipping, No. 3:14-CV-488-CRS, 2017 U.S. Dist. LEXIS 110989 (W.D. Ky. July 18, 2017) (Imposing sanctions for defendant's delegation of limited settlement authority to counsel rather than appearing in person); Holly v. UPS Supply Chain Solutions, Inc., 3:13-CV-980-DJH-CHL, DN 38 (W.D. Ky. March 27, 2015) (Imposing sanctions for appearing at settlement conference with representative who had to "call the home office" to obtain variance from a predetermined cap on authority in violation of settlement conference order).